IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

|  |  |  |
|---|---|---|
| ROSIE MAE CHATT, ET AL., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| VS. | * | NO: 3:10CV0119 SWW |
| | * | |
| CITY OF WEST MEMPHIS, ET AL., | * | |
| | * | |
| Defendants. | * | |

**Memorandum Opinion and Order**

Before the Court is a motion for summary judgment filed by separate defendants James Brown, Terry Butler, Juletha Hancock, Louis Jamison, Thomas Parker, and Gwen Williams, officers of the Crittenden County Sheriff's Office. Plaintiffs responded to the motion. Separate defendants did not file a timely reply. For the reasons stated below, the motion is denied without prejudice at this time.

Plaintiffs are the co-administrators of the estate of Dwayne Chatt, Sr., who died in the Crittenden County Detention Center. Several West Memphis, Arkansas, police officers arrested Chatt around midnight on April 24, 2008. Plaintiffs allege Chatt was subjected to multiple taser shots and other physical force by the officers at the time of his arrest. The officers then brought Chatt to the Crittenden County Detention Center around 1:00 a.m. The West Memphis police officers told the county officers that Chatt was high on drugs and engaged in passive resistance, e.g. refused to stand, walk, or otherwise cooperate in spite of his ability to cooperate. The city and county officers placed Chatt in a holding cell where he could be seen from the central control desk. Crittenden County states Chatt was checked at least every fifteen minutes for about an hour, at which time he was found not breathing. Despite efforts of the county officers

and the ambulance crew that was called, Chatt died of a heart attack.

On July 3, 2008, plaintiffs filed a complaint against various officers of the West Memphis Police Department in their individual and official capacities, and Crittenden County Sheriff Richard Busby in his official capacity.  The claims against the police officers were dismissed without prejudice, and Busby filed a motion for summary judgment.  Plaintiffs then moved to voluntarily dismiss their complaint against Busby as well, and the Court granted the motion in July 2009 with the condition that no activity take place in any re-filed complaint until the Court ruled on Busby's motion for summary judgment.  *See Chatt v. City of West Memphis, Arkansas, et al.*, 3:08cv96 SWW.  When plaintiffs refiled their complaint, they did not name Sheriff Busby as a defendant in his official capacity.  They did, however, name a number of Crittenden County Sheriff officers, both in their individual and official capacities.  Now the county defendants seek a ruling on the motion for summary judgment filed by Sheriff Busby in the original complaint.

A suit against a government official in his or her official capacity is "another way of pleading an action against an entity of which an officer is an agent," *Monell v. Dep't of Social Services,* 436 U.S. 658, 690 n. 55 (1978).  "[T]he real party in interest in an official-capacity suit is the governmental entity and not the named official." *Hafer v. Melo,* 502 U.S. 21, 25 (1991).  The allegations in the new complaint against the county officers  are not the same as those made against Busby in the dismissed complaint.  In their original complaint, plaintiffs alleged that Busby failed or refused to provide for the care and custody of the decedent by refusing him proper medical treatment; showed deliberate indifference to decedent's life and safety by failing to properly train his employees to recognize when an inmate is in immediate need of medical attention; and has a policy, custom, or practice of allowing the police and other law enforcement

agencies to book inmates into the jail after having sustained serious injuries without requiring the officers to first take the detainee to the hospital.  Plaintiffs allege it was this policy, practice, or custom that resulted in decedent being carried to a jail cell where he lay without medical treatment until he died. *See Chatt v. City of West Memphis, et al.,* Case No. 3:08cv96, Compl. at ¶¶ 41-43.

In their refiled complaint, plaintiffs allege the county defendants violated the 4th, 8th, and 14th amendments by showing deliberate indifference to the decedent's medical needs.  Plaintiffs make no allegations of a custom, practice, or policy regarding the County.  Defendants' motion for summary judgment is based on the allegations of the original complaint against Sheriff Busby in his official capacity.  The Court finds that the motion for summary judgment should be denied at this time.

IT IS THEREFORE ORDERED that the motion for summary judgment [docket entry 28] is denied without prejudice.

DATED this 23rd of September, 2010.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE